UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.: **1:14cv24392**

**KATHERINE KENNEDY**,

    Plaintiff,

v.

**CARNIVAL CORPORATION** d/b/a
**CARNIVAL CRUISE LINES**,
a corporation for profit,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, KATHERINE KENNEDY, hereby sues Defendant, CARNIVAL CORPORATION, trading and doing business as CARNIVAL CRUISE LINES, a for profit corporation, (hereinafter CARNIVAL) and alleges:

    1.    This is an action for personal injuries under general maritime law seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest and is otherwise within the jurisdiction of this Court.

## THE PARTIES

    2.    Plaintiff, KATHERINE KENNEDY, is a resident of The Colony, Texas, over the age of 18, and otherwise *sui juris*.

1

*Kennedy v. Carnival Corporation*
*Complaint*

3. At all times material, Defendant CARNIVAL was and is a for profit corporation with its worldwide headquarters, principle address and principle place of business at 3655 NW 87th Avenue, Miami, FL 33178-2428.

4. At all times material, Defendant CARNIVAL is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida. Defendant CARNIVAL derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

5. At all times material, CARNIVAL owned, managed, operated, maintained, supervised and/or controlled, or was the owner pro hac vice and/or charterer of the ocean-going passenger vessel known as the *Carnival Magic*.

## JURISDICTION AND VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the Defendant CARNIVAL is a foreign corporation with its principal place of business in Miami-Dade County, Florida. Diversity of citizenship jurisdiction exists for this case under 28 U.S.C. §1332 because the Plaintiff resides in Texas.

7. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Savings to Suitors Clause under 28 U.S.C. §1333, as Defendant CARNIVAL unilaterally inserts a forum selection clause into its cruise tickets that requires that all cruise-related suits brought by its passengers, "shall be litigated, if at all, before the United States District Court

2

for the Southern District of Florida in Miami . . . to the exclusion of the Courts of any other county, state or country."

8. There is no time bar to this action since Plaintiff has timely filed this matter as the parties have a written agreement extending the running of the statute of limitations through December 2, 2014.

9. The Plaintiff, KATHERINE KENNEDY, has complied with all conditions precedent to the filing of this lawsuit.

## GENERAL ALLEGATIONS

10. CARNIVAL invited the general public, including the Plaintiff, to become passengers of the vessel *Carnival Magic* in exchange for a monetary charge.

11. On December 1, 2013, as a fare paying passenger, the Plaintiff boarded the *Carnival Magic* for a seven day cruise which departed from Galveston, Texas.

12. At approximately 1:30 p.m. on or about December 3, 2012, the Plaintiff KATHERINE KENNEDY was walking towards the Lido Marketplace to get lunch.

13. The Plaintiff, KATHERINE KENNEDY, was walking in a normal fashion, when suddenly and without warning, she slipped on a clear wet liquid substance. The liquid substance caused the floor surface to be slick and slippery, greatly reducing the normal coefficients of friction, thereby creating a hazardous condition.

*Kennedy v. Carnival Corporation*
*Complaint*

14. The wet liquid substance was of a sufficient size and/or existed for a sufficient period of time so that the Defendant CARNIVAL knew or should have known about it through the exercise of reasonable care.

15. The dangerous nature of the deck was not open and obvious. There were no warning signs present to alert the Plaintiff KATHERINE KENNEDY to the fact the deck was wet, slippery and/or slick. Only after her fall did she realize that there was a substance on the deck which appeared to be an accumulation of water. Passengers who came to KATHERINE KENNEDY's assistance observed the hazardous condition. They confirmed that the condition was not open or obvious and that there were no warning signs present.

16. Unable to get up KATHERINE KENNEDY was taken to the ship's infirmary via wheelchair.

17. When medical assistance and the investigating officer arrived on the scene, the passengers who came to KATHERINE KENNEDY's assistance and observed the hazardous condition were still present. CARNIVAL had the opportunity to obtain their names and statements.

18. Defendant CARNIVAL, upon information and belief, and at all times material, had actual knowledge from prior experience on its vessels of numerous slip and fall accidents on its teak decks where passengers reported it was slippery and slick when wet and that teak decks were known to be dangerous areas for passenger slip and falls which often resulted in injuries.

19. Defendant CARNIVAL, upon information and belief and at all times material, knew or should have known that its passengers were slipping, falling, and/or being injured at the subject location and/or in other comparable walking areas on its vessels with similar flooring when wet.

20. As a result of the negligence of CARNIVAL, its vessel and/or crew, Plaintiff KATHERINE KENNEDY sustained serious, permanent and debilitating injuries to ankle, knee, neck, back and head requiring surgery and extensive medical care.

## COUNT I – NEGLIGENCE

21. Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 20 as though originally stated herein.

22. At all times material, CARNIVAL through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including the Plaintiff.

23. The Defendant's duty encompassed and included the duty to maintain and operate the *Carnival Magic* in a reasonable and safe manner, and to keep the floor surfaces free from wet, slippery, hazardous and dangerous conditions which could cause injury to its passengers, including the Plaintiff KATHERINE KENNEDY.

24. On December 3, 2013, CARNIVAL, through its employees, servants, agents and/or representatives acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff, KATHERINE KENNEDY, and was

*Kennedy v. Carnival Corporation*
*Complaint*

negligent and careless by committing the following acts and/or omissions including but not limited to:

 a. failing to properly maintain and keep the floors on the ship in a reasonably safe condition for its passengers;

 b. failing to properly inspect and monitor the floors for wet, slippery or other hazardous substances;

 c. failing to properly and timely clean up, mop or otherwise eliminate wet, slippery or other hazardous substances on the ship's floor;

 d. creating a dangerous condition on the ship's floor;

 e. failing to take reasonable care to keep the ship's floors from becoming slippery and hazardous to passengers;

 f. failing to warn the Plaintiff and other passengers of the wet, slippery and hazardous condition of the floor when they knew or should have known of the existing hazard;

 g. failing to discover in a timely manner the wet, slippery and hazardous substance on the ship's floor;

 h. failing to utilize reasonable and proper safety policies, procedures, protocols and practices to detect dangerous conditions on the ship's floors;

 i. failing to properly train and instruct its employees/crewmembers to detect, report and remedy wet, slippery and other hazardous substances on the ship's floors;

 j. failing to otherwise provide the Plaintiff and other passengers with a safe place to walk;

 k. failing to comply with industry standards and CARNIVAL's standards for the appropriate slip resistance and/or coefficient of friction for the public flooring aboard vessels;

 l. other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

*Kennedy v. Carnival Corporation*
*Complaint*

25.  The Defendant CARNIVAL created and/or should have known of the above-described conditions through the exercise of reasonable care.

26.  As a direct and proximate result of the above described negligence and carelessness by CARNIVAL, the Plaintiff was injured in and about her body, including but not limited to, her ankle, knee, neck, back and head, suffered pain therefrom, suffered physical impairment and/or disability, mental anguish, the loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions and inconvenience.

27.  As a further direct and proximate result of CARNIVAL's negligence, the Plaintiff incurred medical expenses in the past and will continue to incur such expenses in the future.

WHEREFORE, the Plaintiff, KATHERINE KENNEDY, demands judgment against Defendant CARNIVAL CORPORATION for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and attorneys' fees and costs as may be allowed by law and demands trial by jury of all issues so triable.

Dated this **19**th day of **November, 2014**.

Respectfully submitted,

By: *[signature]*
**CAROL L. FINKLEHOFFE** (FL Bar No.: 0015903)
LEESFIELD SCOLARO, P.A.
E-Mail: finklehoffe@leesfield.com
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile:  305-854-8266
*Attorneys for Plaintiff, Katherine Kennedy*